UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

**IN THE MATTER OF:**

JOHN W. BURCHAM,                        Bankruptcy No. 07-65402-PJS
                                                                      Honorable PHILLIP J. SHEFFERLY
       Debtor.                                Chapter 7

_____/

CHARLES L. WELLS, III
Chapter 7 Trustee,

                                                        Adversary No.

       Plaintiff,

v.

JOHN W. BURCHAM, JR., An Individual,
and JOHN W. BURCHAM, SR., An Individual,

       Defendants.

_____/

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF FRAUDULENT TRANSFERS**

**NOW COMES** the Chapter 7 Trustee, Charles L. Wells, III, by and through Counsel, Kilpatrick & Associates, P.C., and in support of this Complaint for Avoidance and Recovery of Fraudulent Transfers, states as follows:

**PARTIES AND JURISDICTION**

1. On or about December 13, 2007, John W. Burcham Jr. ("Debtor") filed a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code.

2. Subsequent to the filing of the Petition, Charles L. Wells, III, was appointed the duly qualified Trustee for the bankruptcy estate ("Trustee").

1

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and § 1334(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. This is an adversary proceeding commenced pursuant to 11 U.S.C. §§ 544, 548 and 550, the Federal Rules of Bankruptcy Procedure 7001, and is a core proceeding under 28 U.S.C. § 157(b).

## GENERAL ALLEGATIONS

6. Plaintiff repeats and restates the allegations in paragraphs 1 through 5 as though fully set forth herein.

7. On or about January 27, 2006, the Debtor transferred to John W. Burcham, Sr. property commonly known as 34 Isla Bahia, Fort Lauderdale, Florida ("Property") for the stated sum of $10.00 and other good and valuable considerations. A copy of the Warranty Deed recorded on February 28, 2006 is attached hereto as Exhibit A.

8. The Debtor failed to disclose his prior interest in the Property on his original Schedules or Statement of Financial Affairs.

9. On January 24, 2008, pursuant to 11 U.S.C. § 341(a), a Meeting of Creditors was held ("341 Meeting").

10. At the 341 Meeting, the Debtor testified that he transferred the Property to his father, John W. Burcham, Sr., to allow a refinance to cover taxes.

11. At the 341 Meeting, the Debtor testified that the Property was worth approximately $7,000,000.

12. On or about January 27, 2006, John Burcham, Sr. obtained a mortgage from America's Wholesale Lender in the original principal amount of $4,896,500. A copy of the Owner's Policy of Title Insurance is attached hereto as Exhibit B.

13. Upon information and belief, the Debtor continues to reside at the Property.

## COUNT I – AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C.§ 544

14. Plaintiff repeats and restates the allegations in paragraphs 1 through 13 as though fully set forth herein.

15. The Debtor transferred his interest in the Property to John W. Burcham, Sr. for the sum of $10.00.

16. At the time of the transfer, the fair market value of the Property exceeded the past due taxes owed on it, and the transfer of the property to John W. Burcham, Sr. resulted in a removal of assets that otherwise would have been available to John W. Burcham, Jr.'s creditors.

17. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable state law.

18. The applicable state law for avoiding the transfer is Michigan's Uniform Fraudulent Transfer Act ("UFTA"), M.C.L. § 566.34, *et seq*.

19. The Debtor's transfer of the Property to John W. Burcham, Sr. is avoidable by the Trustee pursuant to M.C.L. § 566.34(1)(a), which states:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation…with the actual intent to hinder, delay, or defraud any creditor of the debtor.

3

09-04283-wsd    Doc 1    Filed 02/16/09    Entered 02/16/09 11:04:08    Page 3 of 7

20. Actual intent to hinder, delay or defraud a creditor is found when due consideration is given to the badges of fraud that have been codified in a non-exhaustive list in the UFTA, and one or more of these badges of fraud apply to the transfer:

   a. The transfer or obligation was to an insider.
   b. The debtor retained possession or control of the property transferred after the transfer.
   c. The transfer or obligation was disclosed or concealed.
   d. Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
   e. The transfer was of substantially all of the debtor's assets.
   f. The debtor absconded.
   g. The debtor removed or concealed assets.
   h. The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
   i. The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
   j. The transfer occurred shortly before or shortly after a substantial debt was incurred.
   k. The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

M.C.L. § 566.34(2).

21. The Debtor had actual intent to "hinder, delay or defraud" creditors by the transfer of the Property to John W. Burcham, Sr., and this intent is evidenced by the presence of several badges of fraud, including, but not limited to:

   a. The transfer was one to an insider;
   b. The debtor retained possession or control of the property transferred after the transfer;
   c. The debtor removed or concealed assets; and
   d. The value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

22. Pursuant to 11 U.S.C. § 550, the Trustee may recover the transferred property for the benefit of the Estate.

**WHEREFORE,** Plaintiff, Charles L. Wells, III, Chapter 7 Trustee for the Estate of John W. Burcham, prays this Court enter an order:

(a) avoiding the January 27, 2006 conveyance by the Debtor, John W. Burcham, Jr. to Defendant John W. Burcham, Sr. of the real property located at 34 Isla Bahia Drive, Fort Lauderdale, Florida;

(b) enter judgment against Defendant John W. Burcham, Sr. for the amount of the equity in the real property located at 34 Isla Bahia Drive, Fort Lauderdale, Florida, which is estimated at $2,100,000 at the time of the transfer, together with costs and interest; and

(c) for such other and further relief as is just and necessary.

### COUNT I I – AVOIDANCE OF FRAUDUENT TRANSFER UNDER § 548(a)(1)(A)

23. The Trustee hereby incorporates by reference each allegation contained in the preceding Paragraphs one (1) through twenty two (22) as though fully set forth herein.

24. The Debtor caused the transfer of Property to Defendant John W. Burcham, Sr.

25. The Debtor caused the transfer of the Property with the actual intent to hinder, delay, or defraud entities to which the Debtor was or became indebted to, on or after the date that the transfer was made as defined under 11 U.S.C. § 548(a)(1)(A).

26. Upon information and belief, the Debtor was insolvent on the date that the transfer of the Property was made or became insolvent as a result of the transfer.

27. To the extent that the Defendants received fraudulent transfers, such property, or the value thereof, should be returned to the bankruptcy estate pursuant to 11 U.S.C. § 548(a)(1)(A) and preserved for the benefit of the estate under 11 U.S.C. § 551.

28. Once avoided, the Property or the value of the transfer of the equity in the Property is recoverable under 11 U.S.C. § 550.

**WHEREFORE,** Plaintiff, Charles L. Wells, III, Chapter 7 Trustee for the Estate of John W. Burcham, prays this Court enter an order:

(a) avoiding the January 27, 2006 conveyance by the Debtor, John W. Burcham, Jr. to Defendant John W. Burcham, Sr. of the real property located at 34 Isla Bahia Drive, Fort Lauderdale, Florida;

(b) enter judgment against Defendant John W. Burcham, Sr. for the amount of the equity in the real property located at 34 Isla Bahia Drive, Fort Lauderdale, Florida, which is estimated at $2,100,000 at the time of the transfer, together with costs and interest; and

(c) for such other and further relief as is just and necessary.

## COUNT III– AVOIDANCE OF FRAUDULENT TRANSFER UNDER § 548(a)(1)(B)

29. Plaintiff hereby incorporates paragraphs one (1) through twenty eight (28) as though fully set forth herein.

30. As previously stated in Paragraph 7, the Debtor made, or caused to be made, transfer of the equity in the Property to Defendant John W. Burcham, Sr.

31. The Debtor received less than reasonable value or consideration for the transfer of the Property.

32. The Debtor was insolvent at the time of the transfer of the Property or became insolvent as a result of the transfer.

33. At the time of the transfer of the Property, the Debtor intended to incur or believed that he would incur, debts beyond the Debtor's ability to pay as such debts matured.

34. The transfer of the Property is avoidable by the Trustee under 11 U.S.C. § 548(a)(1)(B).

35. Once avoided, the Property or the value of the Property is recoverable under 11 U.S.C. § 550.

**WHEREFORE,** Plaintiff, Charles L. Wells, III, Chapter 7 Trustee for the Estate of John W. Burcham, prays this Court enter an order:

(a) avoiding the January 27, 2006 conveyance by the Debtor, John W. Burcham, Jr. to Defendant John W. Burcham, Sr. of the real property located at 34 Isla Bahia Drive, Fort Lauderdale, Florida;

(b) enter judgment against Defendant John W. Burcham, Sr. for the amount of the equity in the real property located at 34 Isla Bahia Drive, Fort Lauderdale, Florida, which is estimated at $2,100,000 at the time of the transfer, together with costs and interest; and

(c) for such other and further relief as is just and necessary.

Respectfully submitted,

Dated: February 16, 2009

By: */s/ Leonora K. Baughman*
RICHARDO I. KILPATRICK (P35275)
LEONORA K. BAUGHMAN (P33534)
Attorneys for the Chapter 7 Trustee
903 N. Opdyke Road, Suite C
Auburn Hills, MI 48326
(248) 377-0700
ecf@kaalaw.com